## Case No. 10,371.

### In re NOYES.

[6 N. B. R. 277.] [1]

District Court, E. D. Michigan. Jan. 2, 1872.

BANKRUPTCY—CLERICAL SERVICES TO ASSIGNEE—ALLOWANCE BY COURT—EXAMINATION AND PROOFS.

1. An assignee is not at liberty to charge the assets of the estate in his hands for professional and clerical services rendered him in the execution of his trust, until the same shall have been first duly allowed by the court.

2. Before incurring expenses for professional services and clerk hire, an assignee must apply to the court for proper authority; if, however, he has incurred and paid such expenses, or demands compensation beyond what he is entitled to by section twenty-eight of the bankrupt law [of 1867 (14 Stat. 530)], he must accompany his final account with a separate and distinct application for an allowance of the charges, and submit to such examination and furnish such proofs as may be required touching the necessity of such disbursements and services.

[Cited in Baldwin v. Wilder, Case No. 806; Re Cook, 17 Fed. 329.]

[In the matter of B. B. Noyes, a bankrupt.]

By HOVEY K. CLARKE, Register:

I, the undersigned register in bankruptcy, do hereby certify that in the course of proceedings in the above bankruptcy, at the fourth general meeting of creditors, the final account of the assignee of said estate was presented, under the provisions of the twenty-eighth section of the bankrupt act, to be audited and passed. On the day appointed the assignee filed satisfactory proofs that he had given the notice to the creditors as required by said section; that he had filed his account, and that he would, on the day specified in his notice, apply for a settlement of his account and for a discharge of his liability as assignee. I further certify, that on the day appointed for the settlement of said account, of the one hundred and eighteen creditors who have proved their claims against said bankrupt, not to exceed six, appeared at all, and none of them, so far as I know, examined said ac-

count nor made an inquiry concerning it, nor any objection to its allowance.

Proceeding, therefore, to the examination of the accounts, under the power and duty conferred by the fourth section of the bankrupt act, "to audit and pass the accounts of assignee," I find that the assignee has received the gross sum of fifty-seven thousand five hundred and eighty-one dollars and thirty-seven cents; that he has paid out on dividends to creditors the sum of fifty-one thousand one hundred and eighty-one dollars and twenty-seven cents, and for expenses the sum of three thousand four hundred and ninety dollars and one cent; making the gross sum paid out fifty-four thousand six hundred and seventy-one dollars and twenty-eight cents. Of the balance he claims two thousand six hundred and nineteen dollars and fifty-nine cents, for his commissions and services, leaving the sum of two hundred and ninety dollars and fifty cents for final distribution. The assignee furnishes satisfactory evidence that he has actually paid out the above mentioned sum of three thousand four hundred and ninety dollars and one cent stated as expenses. In this sum is included the sum of five hundred and twenty-six dollars and thirty cents, paid out for clerk hire, and also the sum of six hundred and ninety-seven dollars and eighty-nine cents, as follows:

| | |
|---|---:|
| To R. P. Toms, retainer and services in suits against Hill & Trollope, Dreher, Pate, Sales & Pilgrim, Danz, Whittle, Reichle, Streeter, Faughborn, Hemple, R. Gardner, Hertner, Kellogg, Ladd, Priest & Gray..$150 00 | |
| R. P. Toms, for taxed cost in Hemple, Whittle, Dreher & Pate.... 142 42 | |
| D. C. Holbrook, counsel fees, in Re C. L. Noyes et al., examining bankrupt et al...... 100 00 | |
| A. Russell, in Re Prentiss.... 15 00 | |
| R. P. Toms, in suits v. Van Riper & Co., Cameron, Bathur, Trombley, St. Amoun & Waterfall.... 50 00 | |
| Taxed costs in the above, and against Danz, Faughborn & Donahue.... 173 05 | |
| Taxed costs against L. Streeter... 37 42 | |
| Middaugh & Driggs, argument in district court in opposition to claim of T. J. Noyes,.... 30 00 | |
| | $697 89 |

These items for clerk hire, counsel fees and taxed costs, amounting to one thousand two hundred and twenty-four dollars and nineteen cents, are, in my judgment, of a character that their allowance can only be claimed upon a proper showing of their necessity. If they had been considered at a creditors' meeting attended by a sufficient number to insure a fair representation of the creditors' interests, and had been affirmatively approved, or if they had, after such consideration, met with no objection, their allowance might have been justified without any further showing of their character or necessity.

The assignee presents his claim for services, under the general designation of "com-

missions and services," at two thousand six hundred and nineteen dollars and fifty-nine cents. The commissions are fixed by the statute (section twenty-eight), and amount as computed upon the sum "received and paid out," fifty-four thousand six hundred and seventy-one dollars and twenty-eight cents, to six hundred and ninety-six dollars and seventy-one cents. For the balance, one thousand nine hundred and twenty-one dollars and eighty-seven cents, no specification is given, nor any proof offered, that services entitled to this amount of compensation have been rendered.

The consideration of this account presents questions of very considerable importance, applicable not only to this, but to the settlement of every estate in bankruptcy, such as: First. Under what circumstances and to what extent is an assignee at liberty to charge the assets of the estate in his hands for professional services rendered him, in the execution of his trust? Second. What circumstances will justify the employment by the assignee of clerks, to be compensated out of the fund? And, third. Are the conditions implied above, on which expenses for professional services and clerk hire rest, to be determined by the assignee in the exercise of his judgment, or is it his duty, before incurring the liability, to apply to the court for the proper authority?

I am unable, from any showing before me, or from any facts within my knowledge, to determine that the accounts as presented ought to be allowed; and deeming the subject to be one of sufficient practical importance to be presented to the court for a definitive settlement of the principles by which the practice in such cases is to be guided, I intimated to the assignee my purpose to certify the question of the allowance of his account into court for determination; at the same time inviting him to supplement his account by any statement or deposition of an explanatory nature that he thought desirable. He prefers, however, to reserve them for the hearing which may be accorded to him on this certificate. All of which is respectfully submitted, together with the accounts of the assignee, which are the subjects of consideration.

LONGYEAR, District Judge. In answer to the three questions above certified, the court decides: Section 17 of the act provides that the assignee "shall be allowed and may retain, out of money in his hands, all the necessary disbursements made by him in the discharge of his duty, and a reasonable compensation for his services, in the discretion of the court." Section 28 makes a specific allowance to the assignee, of a certain per centum "on all moneys received and paid out by him" in addition to the allowances authorized by section seventeen. See In re Dean [Case No. 3,699]. It is under these provisions, and these alone, that the right of as-

signees to charge the estate for disbursements and services must be determined. The allowance provided by section 28 is specific, and being a mere matter of computation, may be charged up by the assignee directly against funds in his hands, so soon as the "amount received and paid out by him" is ascertained; not so, however, with the allowances authorized by section seventeen. These allowances are in the discretion of the court, and can be made only upon a specific application to the court, and a showing that the disbursements and services for which such allowances are asked, were necessary, and are reasonable in amount. This is clearly contemplated by general order 5, defining the powers of registers in bankruptcy, in which it is provided, among other things, that the registers may conduct proceedings where uncontested in relation to ordering payment of rates and taxes, "and salary or wages of persons in the employment of the assignee," and "taking evidence concerning expenses and charges against the bankrupt's estate." Under this order the register may hear and determine such application when uncontested. In re Lane [Id. 8,042]. And it is preferable that such hearing should be had before the register, because, having the proceedings all before him, he is better able to judge of the exigencies upon which the necessity of the disbursements and services and the reasonableness of the amounts charged depend.

It would be difficult, and I think impracticable, to prescribe any general rule defining the circumstances under which, and extent to which, an assignee is at liberty to charge the assets of the estate in his hands for professional and clerical services in the execution of his trust. This must be left to be decided in each individual case according to its peculiar exigencies.

The answer to the first and second questions, therefore, must be that the assignee is not at liberty to charge the assets of the estate in his hands, for professional and clerical services rendered him in the execution of his trust, until the same shall have been first duly allowed by the court.

The answer to the third question is partly anticipated in what has been already said. The assignee may, of course, apply to the court in the first instance, for authority to employ professional or clerical assistance, but in such case the court could do but little more than grant such authority in general terms, leaving the instances in and to which such assistance may be employed, largely to the discretion of the assignee, as emergencies shall arise, making such assistance necessary. Such authority, I think, the assignee already possesses under his general powers, subject however, to the control of the court; such power must be used by him cautiously and in the exercise of a sound discretion, and with the understanding that any abuse of it will be corrected by the court when applied to for authority to charge the estate for such

assistance. When the assignee desires to pay for any such assistance out of funds in his hands, belonging to the estate, before submitting his final account, he should apply to the court for the allowance of the same, or the person rendering the service may himself apply. In either case the assignee would be at liberty to charge the amount allowed to the estate at once, on payment of the same. If no such application is made, or if he has incurred liabilities or made disbursements for such assistance, or otherwise, in regard to which no allowance has been made, or if he makes a claim for services other than the per centum on moneys received and paid out by him allowed by section 28, then the assignee must accompany his final account with a separate and distinct application for an allowance of the same, and submit to such examination and furnish such proofs as may be required touching the necessity of such disbursements and services and the reasonableness of the amounts charged. The matter will then be heard and determined by the register, if uncontested, or by the court, if contested, and as the same shall be thus determined, the assignee will be at liberty to charge the estate in his final account, and not otherwise.

The application should contain a brief statement of the circumstances out of which the necessity for the disbursements, and the professional or clerical assistance, and the assignee's own services, arose, and from which the reasonableness of the amounts claimed therefor may appear, and it should be verified by the assignee. In case the application accompanies the final account, it will, of course, be laid before the creditors at the same time, and if they assent or fail to object to the same, and the items and amounts appear to be just and reasonable, all further inquiry may be dispensed with.

In this case the assignee, laboring, no doubt, under a misapprehension as to his legal rights and duties in this regard, seems to have assumed to judge for himself, not only as to the necessity of the disbursements and services, but also as to the reasonableness of the amounts, and so charged the same directly to the assets of the estate in his hands, without first having obtained an allowance of the same. The register was, therefore, correct in refusing to audit and pass the account under the circumstances stated by him in his certificate, without a proper showing by the assignee of the necessity of the professional and clerical assistance, and for his own services, charged in the account. The assignee has, however, now supplemented his account with a particular statement as to the charges for clerk hire, and as to such portion of the charges for professional services as do not explain themselves, and has also submitted to an oral examination before me in relation thereto, and also in relation to his own services, and the particulars thereof, from all of which it satisfactorily appears that the professional and clerical services and the services of the assignee, charged in his account, were necessary in the execution of his trust, and that the charges therefor are reasonable in amount; the same must, therefore, be allowed.

It will be observed, that, in this particular case, the assignee has not been required to conform, in all respects, to the general rule above laid down; as, for instance, he has not been required to present a new account, omitting the charges for professional and clerical assistance, and for his own services, other than his per centum, under section 28, and then to present a separate application for their allowance. This must be understood as an exception merely as to this particular case, and as in nowise qualifying the general rule.